# Exhibit A

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF KINGS

————————————————————————X

JENIQUE HERON,                                    Index No.:      10543

                    Plaintiff,                         **SUMMONS**

          -against-                                Plaintiff's Residence Address:
                                                       1630 E 102nd St, Apt 8G
                                                       Brooklyn, NY 11236

MIDLAND FUNDING LLC;
PRESSLER, FELT & WARSHAW, LLP;
ABC LEGAL SERVICES, INC.;
and ALAN FELDMAN,

                    Defendants.

————————————————————————X

Defendant's address:                               The basis of this venue is:
                                                       Plaintiff's address

Midland Funding LLC
2365 Northside Dr #300
San Diego, CA 92108

Pressler, Felt & Warshaw, LLP
305 Broadway, 9th Fl.
New York, NY 10007

ABC Legal Services, Inc.
147 Prince Street, Ste. 4-6,
Brooklyn, NY 11201

Alan Feldman
18 White Cliff Lane
Nesconset, NY 11767

FILED
CLERKS OFFICE
APR 3 0 2021
CIVIL COURT
KINGS COUNTY

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court at 141 Livingston Street, Brooklyn, New York 11201 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from April 29, 2021, together with the costs of this action.

Dated: April 29, 2021

Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
Attorney for Plaintiff
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Tel: (718) 674-1245

Note the law provides that:

    a)  If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

    b)  If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF KINGS
_____X

JENIQUE HERON,                                          Index No.:

        Plaintiff

v.                                                      **VERIFIED COMPLAINT**

MIDLAND FUNDING LLC;
PRESSLER, FELT & WARSHAW, LLP;
ABC LEGAL SERVICES, INC.;
and ALAN FELDMAN,

        Defendants.
_____X

Plaintiff, Jenique Heron ("Plaintiff"), by and through her attorney, Subhan Tariq, Esq., as and for her

Complaint against the Defendants, Midland Funding LLC ("Midland"), Pressler, Felt & Warshaw,

LLP ("PFW"), ABC Legal Services, Inc. ("ABC"), and Alan Feldman ("Feldman") (hereinafter

referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and

belief, the following:

## INTRODUCTION

1.     Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in

response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that

"abusive debt collection practices contribute to the number of personal bankruptcies, to material

instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that

"existing laws...[we]re inadequate to protect consumers," and that "'the effective collection of

debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C.

§§ 1692(b) & (c).

1

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## NATURE OF THE ACTION

3.      Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

4.      The present action arises out of the unfair and deceptive actions taken by Defendants in a previous action against Plaintiff. The previous action resulted in a wrongfully obtained default judgment against Plaintiff.

5.      The default judgment issued in the underlying matter appears to have been a result of Defendants' use of "sewer service." This term has come to be used to refer to debt collectors intentionally failing to properly serve process on debtors, allowing them to obtain default judgments when those debtors do not respond to suits.

6.      Plaintiff is seeking damages, declaratory and injunctive relief, and attorney's fees.

## PARTIES

7.      Plaintiff Jenique Heron is a resident of the State of New York.

8.      Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

9.      Defendant Midland is a company engaged in the business of collecting debts with a principal place of business located at 2365 Northside Dr #300, San Diego, CA 92108.

10.     Defendant PFW is a law firm engaged in the business of collecting debts with a principal place of business located at 305 Broadway, 9th Fl., New York, NY 10007.

11.     Defendant ABC is a corporation engaged in the business of providing service of process with a principal place of business located at 147 Prince Street, Ste. 4-6, Brooklyn, NY 11201.

12.     Defendants Midland, PFW, and ABC are a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

13.     Defendant ABC is a debt collector in relation to collection activities that are not directly related to service of process, which include but are not limited to, acting as an agent for collection attorneys by filing collection lawsuits on the attorney's behalf and regarding the writing and production of the affidavit of service.

14.     Defendant Feldman is a New York licensed process server under license #2058467.

## FACTUAL ALLEGATIONS

15.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

16.     Defendants Midland and PFW allege Plaintiff owes a debt ("the Debt").

17.     The Debt was primarily for personal purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     The Original Creditor is "CREDIT ONE BANK, N.A."

19.     The Current Creditor is "MIDLAND FUNDING LLC."

20.     Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

21.     Thereafter, at an exact time known only to Defendant Midland, the Debt was assigned or otherwise transferred to Defendant Midland for collection.

3

22.     Thereafter, at an exact time known only to Defendant Midland, Defendant Midland retained Defendant PFW to collect the Debt.

### *Collection Lawsuit*

23.     On or about October 10, 2019, Defendant Midland through its attorneys, Defendant PFW, commenced a lawsuit captioned Midland Funding LLC v. Jenique Heron, bearing the Index Number CV-029940-19/KI (hereinafter the "Lawsuit"), filed in the Civil Court of New York, County of Kings.

24.     Plaintiff was never served with the Lawsuit.

25.     However, on or around November 1, 2019, Defendant PFW filed a fraudulent Affidavit of Service with the Court in the Lawsuit. *See* **Exhibit A**.

26.     The fraudulent Affidavit of Service was written and attested to by Defendants ABC and Feldman. *Id.*

27.     Within this fraudulent Affidavit of Service, Defendants attested that substitute service was effectuated on October 22, 2019, at 8:50 AM, upon John Doe: "a black-haired black male approx. 35-45 years of age, 6'0"-6'2" tall and weighing 200-240 lbs." and "CO-RESIDENT" of Plaintiff. *Id.*

28.     There is no person in Plaintiff's household that even comes close to matching that description.

29.     At the time when the alleged substitute service was effectuated, Plaintiff only resided with her four children.

30.     At the time when the alleged substitute service was effectuated, Plaintiff's oldest child was thirteen years old.

31.     Neither Plaintiff nor any of Plaintiff's children resembled a 35–45-year-old black male in 2019 or resemble one in 2021.

32.     Furthermore, Plaintiff's children were at school and Plaintiff was at work at the time when the alleged substitute service was effectuated.

33.     These inaccurate and deceptive statements are a clear example of a pattern of "sewer service," in an attempt to quickly obtain default judgments.

34.     Defendant PFW knew or should have known that the fraudulent Affidavit of Service was false and still used it in the furtherance of proceeding with the Lawsuit.

35.     Defendant PFW knowingly used this fraudulent Affidavit of Service in the furtherance of proceeding with the Lawsuit.

36.     Accordingly, Plaintiff never received notice that a lawsuit was filed against her and was robbed of the opportunity to properly defend herself against the allegations contained in the Lawsuit.

37.     As a result of the fraudulent Affidavit of Service, Defendant PFW were able to wrongfully obtain a default judgment against Plaintiff.

38.     On February 3, 2020, a wrongfully obtained default judgment, in the amount of $4,126.09, was entered against Plaintiff. *See* **Exhibit B**.

39.     Plaintiff sustained an injury in that she now has to defend this lawsuit that she did not receive proper service on and this case will appear in the public record.

### *Seeking to Collect on the Default Judgment*

40.     On or around March 12, 2021, Plaintiff received an Information Subpoena and Questionnaire from Defendant PFW – this was the first time she became aware of the Lawsuit and wrongfully obtained default judgment against her. *See* **Exhibit C**.

41.     Plaintiff was stunned to read "a Judgment was entered on 02/03/20 in favor of MIDLAND

FUNDING LLC, Judgment Creditor and against JENIQUE HERON, in the amount of $4,126.09."

*Id.*

42.     As a result, Plaintiff made a trip to the Civil Court of New York, County of Kings and

obtained a copy of the fraudulent Affidavit of Service.

43.     On or around March 18, 2021, Plaintiff then proceeded to file an Order to Show Cause to

vacate the wrongfully obtained default judgment against her.

44.     On or around March 31, 2021, Defendant PFW filed an Affirmation in Opposition to

Plaintiff's Order to Show Cause.

45.     The Lawsuit is currently pending in the Civil Court of New York, County of Kings.

46.     Notably, under CPLR § 317,

> A person served with a summons other than by personal delivery to him or to his agent
> for service designated under rule 318, within or without the state, who does not appear may
> be allowed to defend the action within one year after he obtains knowledge of entry of
> the judgment, but in no event more than five years after such entry, upon a finding of the
> court that he did not personally receive notice of the summons in time to defend and has a
> meritorious defense. If the defense is successful, the court may direct and enforce
> restitution in the same manner and subject to the same conditions as where a judgment is
> reversed or modified on appeal. This section does not apply to an action for divorce,
> annulment or partition.

47.     Additionally, under CPLR § 5015(a)(3), "[t]he court which rendered a judgment or order

may relieve a party from it upon such terms as may be just . . . upon the ground of . . . fraud,

misrepresentation, or other misconduct of an adverse party."

48.     Furthermore, Defendants Midland and PFW also sent a questionnaire, regarding the

wrongfully obtained default judgement against Plaintiff, to her employer – approximately two days

after sending her an Information Subpoena and Questionnaire regarding the wrongfully obtained

default judgement against Plaintiff.

### *Defendant Feldman's History of Failure to Serve Process and Fabricated Affidavits of Service*

49.     Defendant PFW retained Defendant ABC to serve Plaintiff with the Lawsuit.

50.     Defendant ABC's employee Defendant Feldman is the process server that allegedly served Plaintiff with the Lawsuit.

51.     6 RCNY § 2-234 requires licensed process servers to "at all times strictly and promptly conform to all laws, rules, regulations and requirements of the federal, state and municipal authorities relating to the conduct of licensees and the service of process in the State of New York and the preparation, notarization and filing of affidavits of service and other documents now in force or hereafter adopted during any license period."

52.     Notably, Defendant Feldman has an extensive history of being accused of violating 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 and fabricating affidavits of service in over twenty matters.

53.     On or around February 22, 2016, Defendant Feldman's process server license renewal application was denied by the NYC Department of Consumer Affairs "based on the Department's determination that you are not fit to be licensed . . . due to your failure to maintain standards of integrity, honesty, and fair dealing required of licensees." *See* **Exhibit D**.

54.     The NYC Department of Consumer Affairs' February 22, 2016 denial letter then goes on to list twenty-five matters in which Defendant Feldman allegedly violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 and fabricating affidavits of service. *Id.*

55.     As a result of the NYC Department of Consumer Affairs' denial of his process server license renewal application, Defendant Feldman filed three petitions, against the City of New York and Lorelei Salas, Commissioner of the New York City Department of Consumer Affairs, in the Supreme Court of the State of New York, County of New York.

7

56.     On or around April 27, 2018, the Honorable Judge Lucy Billings signed and entered a

Stipulation of Settlement, in Defendant Feldman's above-referenced three petitions, wherein

Defendant Feldman and the City of New York and Lorelei Salas, agreed to following:

> 3. [Defendant Feldman] shall pay . . . a fine in the sum of $3,000.00 for [Defendant
> Feldman's] alleged violations of the laws and rules governing process servers.
> 4. Within five (5) days of [Defendant Feldman's] payment of the fines set forth in
> paragraph 3 herein, DCA shall reinstate license number 2058467 and grant [Defendant
> Feldman's] renewal license application for license number 2058467 . . . under the
> following terms and conditions:
> (a) [Defendant Feldman] shall be on probation until May 1, 2019.

> *See* **Exhibit E**.

57.     Almost six months after Defendant Feldman's probationary period ended, Defendant

Feldman failed to properly serve Plaintiff with the Lawsuit and fabricated the fraudulent

Affidavit of Service, used by Defendant PFW to wrongfully obtain a default judgment against

Plaintiff.

58.     Plaintiff here, Ms. Heron, brings this present action as a result of the unfair and deceptive

practices carried out by Defendants in the Lawsuit. As a result of Defendants' actions, Plaintiff

has suffered actual damages in her attempt to resolve the matter regarding the wrongfully

obtained default judgment against her.

## FIRST CAUSE OF ACTION

### Use of False, Deceptive, and Misleading Representations
### 15 U.S.C. § 1692c(b)

#### *(Against Defendants Midland and PFW)*

59.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous

paragraphs of this Complaint with the same force and effect as if the same were set forth at length

herein.

60.     15 U.S.C. § 1692c(b) prohibits a debt collector from communicating with anyone except the consumer, consumer's attorney, or credit bureau concerning the debt.

61.     Defendants Midland and PFW are in violation of 15 U.S.C. § 1692c(b) by sending a questionnaire, regarding the wrongfully obtained default judgement against Plaintiff, to Plaintiff's employer – approximately two days after sending her an Information Subpoena and Questionnaire regarding the wrongfully obtained default judgement against Plaintiff.

62.     The wrongful actions taken by Defendants Midland and PFW in the underlying case are exactly what Congress attempted to protect consumers against in passing the FDCPA. Plaintiff is therefore entitled to relief as a result of Defendants Midland's and PFW's blatant violations.

### SECOND CAUSE OF ACTION

**Use of False, Deceptive, and Misleading Representations
15 U.S.C. § 1692e *et seq.***

*(Against Defendants Midland and PFW)*

63.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

64.     Defendants Midland's and PFW's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66.     Defendants Midland and PFW violated said section

      a.   by failing to serve Plaintiff with the Lawsuit, in violation of § 1692e(10);

      b.   by using a fraudulent Affidavit of Service to wrongfully obtain a default judgment against Plaintiff, in violation of § 1692e(10);

9

c. by falsely representing the character, amount or legal status of the Debt in violation of § 1692e(2)(A);

d. by sending a questionnaire, regarding the wrongfully obtained default judgement against Plaintiff, to Plaintiff's employer – approximately two days after sending her an Information Subpoena and Questionnaire regarding the wrongfully obtained default judgement against Plaintiff.

e. by reason thereof, Defendants Midland and PFW are liable to Plaintiff for judgment that Defendants Midland's and PFW's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorney's fees.

67. Furthermore, courts within the Second Circuit have found that violations of the FDCPA occur when defendants have engaged in the practice of sewer service. *See Polanco*, 930 F. Supp. 2d 547 (S.D.N.Y. 2015).

68. In *Polanco*, the court denied defendant's motion for summary judgment finding that a question of fact existed regarding whether it had engaged in sewer service in order to obtain a default judgment against plaintiff. *Id.* at 552. The facts here are nearly identical, as Defendants Midland and PFW carried out sewer service in order to wrongfully obtain a judgment against Plaintiff.

69. The actions taken here by Defendants Midland and PFW in wrongfully obtaining a default judgment without properly serving process on Plaintiff go against fundamental notions of fairness and due process.

70. The wrongful actions taken by Defendants Midland and PFW in the underlying case are exactly what Congress attempted to protect consumers against in passing the FDCPA. Plaintiff is therefore entitled to relief as a result of Defendants Midland's and PFW's blatant violations.

## THIRD CAUSE OF ACTION

**Use of False, Deceptive, and Misleading Representations
15 U.S.C. § 1692e *et seq.***

*(Against Defendants ABC and Feldman)*

71.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

72.     Defendants ABC's and Feldman's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74.     Defendants ABC and Feldman violated said section

a.   by fabricating a fraudulent Affidavit of Service in violation of § 1692e(10);

b.   by reason thereof, Defendants ABC and Feldman are liable to Plaintiff for judgment that Defendants ABC and Feldman conduct violated § 1692e et seq. of the FDCPA, actual damages, statutory damages, costs, and attorney's fees.

75.     Under § 1692a(6)(D), there is a process server exemption from liability under the FDCPA.

76.     However, "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections." *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423.

77.     "Because the FDCPA protects process servers only 'while' they serve process, the [process server] defendants' alleged failure to serve plaintiffs process and provision of perjured affidavits

of service remove them from the exemption. On these facts, their conduct would be actionable under the FDCPA." *Id.*

78.     The wrongful actions taken by Defendants ABC and Feldman in the underlying case are exactly what Congress attempted to protect consumers against in passing the FDCPA. Plaintiff is therefore entitled to relief as a result of Defendants ABC's and Feldman's blatant violations.

**FOURTH CAUSE OF ACTION**

**Use of Unfair or Unconscionable Means in Attempt to Collect A Debt
15 U.S.C. §1692f**

*(Against Defendants Midland and PFW)*

79.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

80.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

81.     Pursuant to § 1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

82.     Although Congress has not defined "unfair or unconscionable" actions within the statute, it has been interpreted based on its plain meaning by at least one New York court. *Sutton v. Fin. Recovery Servs.*, 121 F. Supp. 3d 309 (E.D.N.Y. 2015).

83.     Defendants Midland and PFW violated this section by failing to properly serve Plaintiff.

84.     Defendants Midland and PFW violated this section by using a fraudulent affidavit of service to wrongfully obtain a default judgment against Plaintiff.

85.     Defendants Midland and PFW violated this section by sending a questionnaire, regarding the wrongfully obtained default judgement against Plaintiff, to Plaintiff's employer –

12

approximately two days after sending her an Information Subpoena and Questionnaire regarding the wrongfully obtained default judgement against Plaintiff.

86.     Defendants Midland and PFW are clearly guilty of violating the FDCPA and Plaintiff is therefore entitled to recover damages.

### FIFTH CAUSE OF ACTION

**Use of Unfair or Unconscionable Means in Attempt to Collect A Debt**
**15 U.S.C. §1692f**

*(Against Defendants ABC and Feldman)*

87.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

88.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

89.     Pursuant to § 1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

90.     Although Congress has not defined "unfair or unconscionable" actions within the statute, it has been interpreted based on its plain meaning by at least one New York court. *Sutton v. Fin. Recovery Servs.*, 121 F. Supp. 3d 309 (E.D.N.Y. 2015).

91.     Defendants Midland and PFW violated this section by failing to properly serve Plaintiff.

92.     Defendants Midland and PFW violated this section by using a fraudulent affidavit of service to wrongfully obtain a default judgment against Plaintiff.

93.     Defendants Midland and PFW are clearly guilty of violating the FDCPA and Plaintiff is therefore entitled to recover damages.

13

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

#### *(Against Defendants Midland and PFW)*

94.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

95.     As a result of Defendants Midland's and PFW's unlawful actions and clear violations of the FDCPA, Plaintiff has suffered emotional distress.

96.     Defendants Midland and PFW took action to collect on the wrongfully obtained default judgment more than a year after wrongfully obtaining the default judgement against Plaintiff.

97.     Furthermore, Defendants Midland and PFW sent a questionnaire, regarding the wrongfully obtained default judgement against Plaintiff, to her employer – approximately two days after sending her an Information Subpoena and Questionnaire regarding the wrongfully obtained default judgement against Plaintiff.

98.     Traditionally, establish a successful claim of intentional infliction of emotional distress, a plaintiff must satisfy four elements: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York* 78 F.3d 787 (2d Cir. 1996).

99.     Although there is a high bar set to show that a defendant's actions were extreme and outrageous, there have been cases where New York courts have granted relief for intentional infliction of emotional distress for less serious behavior than that which would be "utterly intolerable in a civilized society." For example, one claim which alleged that a woman's neighbor

14

repeatedly made "hang-up" telephone calls to her home. *Flatley v. Hartman*, 138 A.D.2d 345, 346 (N.Y. App. Div. 1988).

100.    In *Flatley*, the court held that the conduct complained of was actionable, even if no physical contact had occurred. *Id*. Further, there were "questions of fact as to whether [the defendant's] alleged conduct exceeded the bounds of decency and as to whether the plaintiff suffered genuine and severe distress as a result." *Id.* Similar questions of fact exist here.

101.    Additionally, the Second Circuit has recognized that damages for emotional distress can be granted in cases where defendants have violated the FDCPA. *See Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 2000).

102.    The court in Teng held that "the wrong sought to be punished by [the FDCPA] is similar in nature to a tort cause of action based on outrageous and reckless conduct and is the type of wrong in which damages for emotional distress have traditionally been permitted." *Id.*

103.    Here, Defendants Midland's and PFW's abuse of the judicial process entitles Plaintiff to collect damages for the stress she suffered. Defendants Midland and PFW purposely obtained a default judgement without properly serving process and then waited more than a year after the default judgment was entered before taking any further action.

104.    Plaintiff continues to suffer by being unable to vacate the default judgment against her. Defendants' actions in violating the FDCPA are directly to blame for Plaintiff's ongoing hardship.

### **DEMAND FOR TRIAL BY JURY**

105.    Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E.  A declaration that Defendants' practices violated the FDCPA;

F.  Award injunctive relief ordering Defendants to cease use of unfair and unconscionable means of collecting debt, including the use of "sewer service," and;

G.  Award injunctive relief ordering Defendants Midland and PFW to vacate the default judgment against Plaintiff;

H.  Awarding Plaintiff damages for emotional distress suffered caused by Defendants Midland's and PFW's FDCPA violations;

I.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 29, 2021

Respectfully submitted,

Subhan Tariq, Esq.
Attorney I.D.# 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

17

## VERIFICATION

Jenique Heron, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Jenique Heron, Plaintiff

Sworn to before me this 29th
day of April , 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 20 2 1

IN THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF KINGS

MIDLAND FUNDING LLC

Plaintiff/Petitioner

vs.

JENIQUE HERON

Defendant/Respondent

Hearing Date:
INDEX NO:      029940/19
Index Date:    10/10/2019
AFFIDAVIT OF SERVICE OF:
Summons; Complaint

Received by Alan Feldman, on the 16th day of October, 2019 at 12:20 PM to be served upon JENIQUE HERON at 1630 E 102ND ST APT 8G, BROOKLYN, Kings County, NY 11236.

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the 22nd day of October, 2019 at 6:50 AM at the address of 1630 E 102ND ST APT 8G, BROOKLYN, Kings County, NY 11236, this affiant served the above described documents upon JENIQUE HERON in the manner described below:

SUBSTITUTE SERVICE, by leaving 1 true and correct copy(ies) of the above described documents, with the date and hour of service endorsed thereon by this affiant, with John Doe, a person of suitable age and discretion who stated they reside at the defendant's usual place of abode listed above.
On the date of _____ OCT 2 3 2019 _____, affiant then deposited in the United States mail, in the county where the property is situated, the above described documents in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served. This was mailed with proper postage to:

JENIQUE HERON
1630 E 102ND ST APT 8G
BROOKLYN, NY 11236

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
John Doe, WHO REFUSED TO GIVE NAME, DESCENDANT, CO-RESIDENT, who accepted service, a black-haired black male approx. 35-45 years of age, 6'0"-6'2" tall and weighing 200-240 lbs.

Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and was told defendant and/or present occupant was not.

Executed on _____ 10·23 _____ 20 19

_____
Alan Feldman, Reg. # 2058467-DCA, New York City, NY

ABC Legal Services, Inc.
DCA Lic. #1380619 Exp. 02/28/20
147 Prince St, Suite 4-5, Brooklyn, NY 11201

SUBSCRIBED AND SWORN to before me this _23rd_ day of ___Oct.___ 20 19

_____
NOTARY PUBLIC in and for the State of New York

BRETT PASTERNACK
Notary Public, State of New York
No. 01PA6316017
Qualified in Suffolk County
Commission Expires August 12, 2021

RECEIVED
Nov 1, 2019

Page 1 of 1
FOR: Pressler, Felt & Warshaw, LLP
REF: H210147

Kings County Civil Court
Civil Judgment

Plaintiff(s):
MIDLAND FUNDING LLC

**Index Number:  CV-029940-19/KI**

Judgment issued:  On Default

vs.

On Motion of:

Defendant(s):
JENIQUE HERON

Pressler, Felt & Warshaw, LLP
305 Broadway, 9th Floor, New York, NY 10007

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $3,867.59 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $48.50 | Enforcement Fee | $50.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |
| **Total Damages** | **$3,867.59** | **Total Costs & Disbursements** | **$258.50** | **Judgment Total** | **$4,126.09** |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address
(1) MIDLAND FUNDING LLC
350 Camino de la Reina, Suite #100, San Diego, CA 92108
Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address
(1) JENIQUE HERON
1630 E 102ND ST, APT 8G, Brooklyn, NY 11236-5923

Judgment entered at the Kings County Civil Court, 141 Livingston Street, Brooklyn, NY 11201, in the STATE OF NEW YORK in the total amount of **$4,126.09 on 02/03/2020 at 02:48 PM.**

Judgment sequence 1

Alia A. Razzaq
_____
Alia Razzaq, Chief Clerk



Pressler, Felt & Warshaw, LLP
FEB 14 2020

PRESSLER, FELT & WARSHAW, L.L.P.*
ATTORNEYS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
*Formerly Pressler and Pressler, LLP
Office: 1-973-753-5100
Toll Free: 1-800-312-4600
Fax: 1-973-753-0353

NY Office
305 Broadway
Suite 802
New York, NY 10007
Office: 1-800-312-9600
DCA License Number: 2043262-DCA

PA Office
490 Norcham Rd
Suite 110
Horsham, PA 19044
Office: 1-888-312-4600

Reply to NY NJ Office   NJ Office   PA Office

03/12/2021

JENIQUE HERON
1630 E 102ND ST APT 8G
BROOKLYN, NY 112365923

Re:   MIDLAND FUNDING LLC vs JENIQUE HERON
      CIVIL COURT OF THE CITY OF NEW YORK
      COUNTY OF KINGS
      Index 029940/19
      PFW File Number: H210147
      Current Creditor: MIDLAND FUNDING LLC
      Original Creditor: CREDIT ONE BANK, N.A.
      Account Number:
      Judgment Balance: $4,536.10

Dear JENIQUE HERON

Enclosed please find:

        Information Subpoena and Written Questionnaire.

Because of interest accruing at 9% per annum, the balance  you  owe
after March 12, 2021, may be  greater.  For further  information,
please write to this office or call 1-888-312-8600 ext. 5106.

Pressler, Felt & Warshaw, LLP is here to help.  If  you  have  been
financially impacted by the COVID-19 pandemic, feel free to tell us
about any hardship you may be experiencing. We may be able to help.
You can reach us at 1-888-312-8600 or contactpfw@pfwattorneys.com.

Very truly yours,

PRESSLER, FELT & WARSHAW, LLP

Ian Z. Winograd

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE  USED  FOR  THAT
PURPOSE.

Scanned with CamScanner

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
MIDLAND FUNDING LLC

                                          Plaintiff

JENIQUE HERON

                          Defendant(s)

PFW File Number H210147

Index No.  029940/19
**INFORMATION SUBPOENA**

THE PEOPLE OF THE STATE OF NEW YORK TO:

||..||.||.||..||.||..||.||.||.||..||.||.||..||.||..||..||..||

    JENIQUE HERON
    1630 E 102ND ST APT 6G
    BROOKLYN, NY 112365923

    SS#

    **WHEREAS,** an action in the CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS , between MIDLAND FUNDING LLC as Plaintiff and JENIQUE
HERON as defendant(s) who are all named parties in said action, a
Judgment was entered on 02/03/20 in favor of MIDLAND FUNDING LLC ,
Judgment Creditor and against JENIQUE HERON , in the amount of $4,126.09
of which $4,536.10 including interest from 02/03/20 less credits, if any,
remains due and unpaid; and

**NOW THEREFORE, WE COMMAND YOU,** that you answer in writing under oath,
separately and fully, each question in the questionnaire accompanying
this subpoena, each answer referring to the question to which it
responds; and that you return the answers together with the original of
the questions within 7 (seven) days after your receipt of the questions
and subpoena, pursuant to CPLR 5224(a)(3).

**TAKE NOTICE** that false swearing or failure to comply with this subpoena
is punishable as Contempt of Court.

Dated: 03/12/2021

**Pressler, Felt & Warshaw, LLP**
Attorney for Judgment Plaintiff
305 Broadway Suite 802
New York, NY 10007
(516)222-7928

By: _____
    Ian A. Winograd Esq.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Scanned with CamScanner

Case 1:21-cv-03216-LDH-PK   Document 1-1   Filed 06/07/21   Page 26 of 41 PageID #: 31



**Department of
Consumer Affairs**

Alba Pico
First Deputy Commissioner

42 Broadway
9th Floor
New York, NY 10004

nyc.gov/consumers

**February 22, 2016**

BY FIRST-CLASS AND CERTIFIED MAIL

Alan S. Feldman
18 White Cliff Lane
Nesconset, NY 11767-1608

RE:     Denial of Application No. 167-2016-RPSI

Dear Mr. Feldman:

You submitted to the Department of Consumer Affairs (the "Department" or "DCA") an application to renew individual Process Server License Number 0946641.  This letter is to inform you that **the Department denies your application.**  As explained below, the denial is based on the Department's determination that you are not fit to be licensed, pursuant to New York City Administrative Code ("Code") § 20-101, due to your failure to maintain standards of integrity, honesty, and fair dealing required of licensees.

**Sewer Service/False Affidavits of Service**

6 RCNY § 2-234 requires licensed process servers to "at all times strictly and promptly conform to all laws, rules, regulations and requirements of the federal, state and municipal authorities relating to the conduct of licensees and the service of process in the State of New York and the preparation, notarization and filing of affidavits of service and other documents now in force or hereafter adopted during any license period."

1)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon Trust Company National Association v. Merlin Seraneau, et al.* (Index No. 506121/15, Kings Sup. Ct.) and swearing falsely in two affidavits of service in that matter that you served defendants Merlin Seraneau and Shari Seraneau with a summons and complaint on **June 13, 2015** by delivering the papers to Shari Seraneau.  In fact, you did not deliver papers to anyone at the Seraneaus' residence on June 13, 2015.

2)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *HSBC Bank USA v. Delille Thomas, et al.* (Index No. 702111/15, Queens Sup. Ct.) and swearing falsely in

Page **1** of 7

Case 1:21-cv-03218-LDH-PK   Document 1-1   Filed 06/07/21   Page 27 of 41 PageID #: 32



**Department of
Consumer Affairs**

an affidavit of service that you served defendant Delille Thomas with a summons and complaint on **March 11, 2015** by delivering the papers to "Angelique Alexander, Co-Resident." In fact, you did not deliver papers to anyone at Mr. Thomas's residence on March 11, 2015. Angelique Alexander is Mr. Thomas' niece, but due to a court order, had not visited Mr. Thomas' home since 2013. Moreover, the physical description contained in your affidavit of service does not match Ms. Alexander's actual appearance, nor the appearance of anyone who lived with Mr. Thomas on March 11, 2015.

3)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *U.S. Bank National Association v. Elka Shereshevsky, et al.* (Index No. 512070/14, Kings Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Gerard Crockett with a summons and complaint on **February 13, 2015** by delivering the papers to "JOE ADAMS, CO-OCCUPANT." In fact, you did not deliver papers to anyone at Mr. Crockett's residence on February 13, 2015. On that date, Mr. Crockett lived alone. The court dismissed the complaint in this matter after a traverse hearing.

4)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Bank of America, N.A. v. Christina Adams, et al.* (Index No. 17996/14, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Christina Adams with a summons and complaint on **January 7, 2015** by delivering the papers to "JOHN MYERS, CO-RESIDENT." In fact, you did not deliver papers to anyone at Ms. Adams's residence on January 7, 2015. On that date, Ms. Adams did not live with anyone named John Myers.

5)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Wells Fargo Bank, N.A. v. George Fragedis, et al.* (Index No. 701676/14, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant George Fragedis with a summons and complaint on **May 13, 2014** by delivering the papers to "John Doe" at 24401 73rd Avenue, Apt. 1, Little Neck, New York. In fact, you did not deliver papers to anyone at 24401 73rd Avenue, Apt. 1, Little Neck, New York on May 13, 2014. Mr. Fragedis had not lived at that address, where his mother lives, for several years, and no one living there matched the physical description contained in your affidavit of service.

6)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *U.S. Bank National Association v. Shirley Morgan, et al.* (Index No. 501017/14, Kings Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Shirley Morgan with a summons and complaint on **February 8, 2014** by delivering the papers to "'Mary Doe' (refused name), Niece," whom you described as a 38-year old female, black skin, black hair, 5'5" tall, and weighing 145 pounds. In fact, you did not deliver papers to anyone at Ms. Morgan's residence on February 8, 2014. The physical description contained in your affidavit of service did not match the description of anyone residing at 965 Madison Street, 1st Floor, Brooklyn, New York, where you purportedly effected service. A Referee sustained traverse after a hearing.

Case 1:21-cv-03218-LDH-PK  Document 1-1  Filed 06/07/21  Page 28 of 41 PageID #: 33



**Department of
Consumer Affairs**

7)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Wells Fargo Bank, N.A. v. Briznand Somraj, et al.* (Index No. 704673/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Briznand Somraj with a summons and complaint on **November 4, 2013** by delivering the papers to "MICHAEL HOSSAIN, NEPHEW." In fact, you did not deliver papers to anyone at Mr. Somraj's residence on November 4, 2013. On that date, Mr. Somraj did not have a nephew named Michael Hossain and did not know anyone named Michael Hossain. In addition, the physical description contained in your affidavit of service does not match anyone that had ever visited Mr. Somraj's home.

8)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon v. Ruben Abramov, et al.* (Index No. 704849/13, Queens Sup. Ct.) and swearing falsely in <u>two</u> affidavits of service in that matter that you served defendants Ruben Abramov and Svetlana Abramov with a summons and complaint on **November 2, 2013** by delivering the papers to "Joseph Abramov, Relative/Refused Relationship." In fact, you did not deliver papers to anyone at the Abramov's residence on November 2, 2013.

9)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of N.Y. Mellon v. John W. Miller, et al.* (Index No. 704254/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant John W. Miller with a summons and complaint on **October 22, 2013** by delivering the papers to "John Doe." In fact, you did not deliver any papers to anyone residing at Mr. Miller's residence on October 22, 2013.

10)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Wells Fargo Bank, N.A. v. Ernest Moton, et al.* (Index No. 703295/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Ernest Moton with a summons and complaint on **August 23, 2013** by delivering the papers to "Sonia Moton, Wife" at 126-13 143rd Street, Jamaica, New York. In addition, you falsely swore in the affidavit of service that you asked Mr. Moton's wife "whether the defendant was in active military service of the United State or of the State of NY in any capacity whatever and received a negative reply." In fact, on August 23, 2013, you did not deliver papers to anyone residing at 126-13 143rd Street, Jamaica, New York. If you had delivered, or attempted to deliver, papers to Mr. Moton's wife, Ansonia Moton, she would have undoubtedly informed you that Mr. Moton died in 2012, especially if you had asked her whether Mr. Moton was in active military service.

11)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Suntrust Mortgage, Inc. v. Stanford Paisley, et al.* (Index No. 10337/13, N.Y. Sup. Ct.) ("*Paisley*") and swearing falsely in an affidavit of service in that matter that you served defendant Stanford Paisley with a summons and complaint on **June 10, 2013** by delivering the papers to "Analee Paisley, Daughter." In fact, you did not deliver papers to anyone at Mr. Paisley's residence on June 10, 2013. The court dismissed the complaint in this matter after a traverse hearing, finding that "no one in



**Department of
Consumer Affairs**

defendant's household of suitable age and discretion who matches the physical description in [your] logbook or affidavit of service was served by [you]."

12)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon v. Ramon Martinez, et al.* (Index No. 700030/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Ramon Martinez with a summons and complaint on **April 2, 2013** at 5:15 p.m. at 227-06 53rd Avenue, Bay Shore, NY 11364 by personal service.  In fact, you did not deliver papers to Mr. Martinez on April 2, 2013.  He did not live in Bay Shore on that date.

13)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon v. Ramon Martinez, et al.* (Index No. 700030/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Ximena Ibarra with a summons and complaint on **January 26, 2013** at 12:52 p.m. by personal service.  In fact, you did not deliver papers to Ms. Ibarra on January 26, 2013.

14)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Nationstar Mortgage LLC v. Corliss Owens, et al.* (Index No. 17599/12, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Corliss Owens with a summons and complaint on **September 10, 2012** by delivering the papers to "MAURICE BENNETT, NEPHEW."  In addition, you falsely swore in the affidavit of service that you asked Maurice Bennett "whether the defendant was in active military service of the United State or of the State of NY in any capacity whatever and received a negative reply."  In fact, you did not deliver papers to anyone at Mr. Owens's residence on September 10, 2012.  On that date, Mr. Owens did not have a nephew named Maurice Bennett, did not know anyone named Maurice Bennett, and did not know anyone fitting the description of the person you described in your affidavit of service.

15)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *West Coast Servicing Inc. v. Agnes Simon, et al.* (Index No. 16553/12, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Agnes Simon with a summons and complaint on **August 24, 2012** by delivering the papers to "Brian Walker, Cousin."  In fact, you did not deliver papers to anyone residing at Ms. Simon's residence on August 24, 2012.  On that date, Ms. Simon did not have a cousin named Brian Walker, did not have a relative named Brian Walker, did not know anyone named Brian Walker, and did not live with any other male residents.

16)     You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *OneWest Bank, FSB v. Chaitram Jhagroo, et al.* (Index No. 2833/12, Kings Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Chaitram Jhagroo with a summons and complaint on **February 18, 2012** at 3:47 p.m. by personal service.  In fact, you did not deliver papers to anyone residing at Mr. Jhagroo's residence on February 18, 2012.  Mr. Jhagroo was at work on February 18, 2012 at 3:47 p.m. and no one was at his home to answer the door.

Case 1:21-cv-03218-LDH-PK Document 1-1 Filed 06/07/21 Page 30 of 41 PageID #: 35



**Department of
Consumer Affairs**

17)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Mirbourne NPN2, LLC v. Van Douglas Walker, et al.* (Index No. 190/12, Kings Sup. Ct.) and swearing falsely in an affidavit of service that (a) you served defendant Van Douglas Walker on **January 21, 2012** by delivering the papers to "TERRY BOYD," (b) Terry Boyd is defendant Van Douglas Walker's "COTENANT," and (3) Terry Boyd "verified that [Van Douglas Walker] actually resides at [494 Halsey Street, Brooklyn, NY 11233]." In fact, you did not deliver any papers to anyone at Mr. Walker's residence on January 21, 2012. On that date, Van Douglas Walker resided in North Carolina, not the Brooklyn address where you purportedly served him. The court dismissed the complaint in this matter after a traverse hearing.

18)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *PNC Bank v. Mahadeo Ramcharran, et al.* (Index No. 2896/11, N.Y. Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Mahadeo Ramcharran with a summons and complaint on **February 7, 2011** by personal service. In fact, you did not meet or deliver any papers to Mr. Ramcharran on February 7, 2011. The court dismissed the complaint in this matter after a traverse hearing, finding that "service of process was not effectuated upon the defendant."

19)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *BAC Home Loans Servicing LP v. Mark Peterson, et al.* (Index No. 25105/09, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Mark Peterson with a summons and complaint on **September 25, 2009** by delivering the papers to "MR. PETERSON (FAMILY MEMBER)," whom you described "as approximately 50 to 59 years of age, 175 to 199 lbs., 5-8 to 5-11 ft, male, black hair, black skin." In fact, you did not deliver papers to anyone at Mr. Peterson's residence on September 25, 2009. The physical description contained in your affidavit of service did not match the description of anyone residing at 9235 217th Street, Queens Village, New York, where you purportedly effected service.

20)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *HSBC Bank USA v. Kymberli Johnson, et al.* (Index No. 19089/09, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Kymberli Johnson with a summons and complaint on **July 22, 2009** by delivering the papers to "ROBERT NIXON (CO-OCCUPANT)," whom you described in your affidavit of service as 31 to 39 years old. In fact, you did not deliver any papers to anyone at Ms. Johnson's residence on July 22, 2009. Robert Nixon is Ms. Johnson's ex-step-grandfather, is significantly older than 39, and neither lived with Ms. Johnson nor was present at her home on July 22, 2009.

21)      You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Lasalle Bank National Association v. Marilyn A. Crammer, et al.* (Index No. 21711/08, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Marilyn Crammer with a summons and complaint on **September 5, 2008** by delivering the papers to "MS.

Case 1:21-cv-03218-LDH-PK Document 1-1 Filed 06/07/21 Page 31 of 41 PageID #: 36



**Department of
Consumer Affairs**

CRAMMER – FAMILY MEMBER." In fact, you did not deliver any papers to anyone at Ms. Crammer's residence on September 5, 2008. On that date, Ms. Crammer lived only with her two sons. Moreover, neither Ms. Crammer nor anyone living with Ms. Crammer on September 5, 2008 matched the physical description contained in your affidavit of service. The court dismissed the complaint in this matter after a traverse hearing.

22) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Washington Mutual Bank v. Matthew Huggins, et al.* (Index No. 43036/07, Kings Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Matthew Huggins with a summons and complaint on **November 28, 2007** by delivering the papers to "Mr. Salas, Co-Resident." In fact, you did not deliver any papers to anyone at Mr. Huggins's residence on November 28, 2007. On that date, Mr. Huggins did not have a co-resident named Mr. Salas and the physical description contained in your affidavit of service did not match the description of anyone residing at 11435 155th Street, Jamaica, New York, where you purportedly effected service. The court dismissed the complaint in this matter after a traverse hearing.

23) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *HSBC Bank USA v. Bonnie Hughes, et al.* (Index No. 27649/07, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Bonnie Hughes with a summons and complaint on **November 12, 2007** at 5:15 a.m. by delivering the papers to "MILLARD HUGHES-RELATIVE." In fact, you did not deliver papers to anyone residing at Ms. Hughes's residence on November 12, 2007.

24) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Deutsche Bank National Trust Co. v. Chevon White, et al.* (Index No. 26178/07, Queens Sup. Ct.) and swearing falsely in two affidavits of service in that matter that you served defendants Chevon White and Patrick Jumpp with a summons and complaint on **October 29, 2007** by delivering the papers to Patrick Jumpp. In fact, you did not deliver any papers to Mr. Jumpp or anyone else at Ms. White and Mr. Jumpp's residence. On October 29, 2007, Mr. Jumpp was 6 feet tall and weighed only 85-90 pounds due to chemotherapy. However, you described Mr. Jumpp in two separate affidavits of service as 5'8" tall and 175 pounds. The court dismissed the action after a traverse hearing.

25) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Portfolio Recovery Associates, LLC v. Luis Tavales* (Index No. 9589/07, Queens Civ. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Luis Tavales with a summons and complaint on **January 23, 2007** by delivering the papers to "CASSANDRA TAVALES, RELATIVE." In fact, you did not deliver papers to anyone residing at Mr. Tavales's residence on January 23, 2007. On that date, Mr. Tavales did not know anyone by the name Cassandra, did not have a relative named Cassandra Taveles, lived alone in a 1-bedroom apartment, and did not allow anyone else into his residence.

Case 1:21-cv-03210-LBH-PK   Document 1-1   Filed 06/07/21   Page 32 of 41 PageID #: 37



**Department of
Consumer Affairs**

<u>**Fitness to Hold a Process Server License**</u>

Based on the foregoing, you fail to maintain standards of integrity, honesty and fair dealing and, pursuant to section 20-101 of the Code, the Department determines that you are not fit to hold any Department license and denies your application to renew your process server license.

Sincerely,

Alvin A. Liu, Esq.
Senior Staff Attorney
Legal Division

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _____          PART _46_

_Justice_

_____

ALAN S. FELDMAN                              INDEX NO. 151523/2018

                                             MOTION DATE _____

-v-                                          MOTION SEQ. NO. 001

LORELEI SALAS, as Commissioner of the New York City Department
of Consumer Affairs, and JORDAN P. COHEN, as Associate General
Counsel of the New York City Department of Consumer Affairs

The following papers, numbered 1 to _8_ , were read on this motion to/for _petition annual respondents' determination_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _1-8_

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is and adjudged that:

This proceeding is settled and discontinued pursuant to the accompanying stipulation.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: _4/26/18_                                  _____, J.S.C.

1. CHECK ONE: ................................................ ☑ CASE DISPOSED          ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...................MOTION IS: ☐ GRANTED  ☐ DENIED  ☑ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ............................... ☐ SETTLE ORDER          ☐ SUBMIT ORDER

                                                        ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X   Index No. 151523/2018

In the Matter of the Application of                             Hon. Lucy Billings
Alan S. Feldman

                                      Petitioner,               STIPULATION OF
                                                                SETTLEMENT
              -against-

Lorelei Salas, as Commissioner of the New York City
Department of Consumer Affairs, and Jordan P.
Cohen, as Associate General Counsel of the New
York City Department of Consumer Affairs

                                      Respondents,

For Judgment Pursuant to CPLR Article 78
------------------------------------------------------------X

      THIS SETTLEMENT AGREEMENT ("Agreement") is made as of the date

set forth below, between and among Alan S. Feldman (the "Petitioner") and

Lorelei Salas, as Commissioner of the New York City Department of Consumer

Affairs ("DCA"), and Jordan P. Cohen, as Associate General Counsel of DCA (the

"Respondents").

      WHEREAS, on or around January 7, 2016, Petitioner filed an application to

renew his process server individual ("PSI") license, number 0946641, which was

subsequently denied by DCA on February 22, 2016; and

      WHEREAS, upon petition filed by Petitioner under New York County Clerk

index numbers 100225/2016 and 100287/2016, the Hon. Lucy Billings issued a

decision on August 28, 2017 vacating DCA's February 22, 2016 denial of

Page 1 of 8

Petitioner's renewal application (former license number 0946641) and ordered

DCA to re-evaluate that application; and,

WHEREAS, subsequent to Justice Billings' August 28, 2017 decision, DCA

mistakenly issued Petitioner PSI license number 2058467 on or about September

20, 2017; and,

WHEREAS, on February 7, 2018, DCA revoked Petitioner's PSI license

number 2058467 and denied Petitioner's license renewal application for license

number 0946641;

WHEREAS, Petitioner submitted an application for renewal of PSI license

number 2058467 which continues to be under review by DCA; and,

WHEREAS, on February 21, 2018, Justice Billings issued an order filed

under New York County Clerk index number 151523/2018 staying Respondents'

revocation of Petitioner's PSI license number 2058467; and,

WHEREAS, Petitioner and Respondents wish to settle their differences and

resolve any and all disputes and obligations between them;

NOW THEREFORE, IT IS HEREBY AGREED, in consideration of the

foregoing and the mutual promises, covenants and agreements hereinafter

contained the receipt and sufficiency of which are hereby acknowledged, Petitioner

and Respondents agree as follows:

Page **2** of **8**

1. The above Recitals are true and correct and are hereby incorporated herein, as if fully set forth herein.

2. Petitioner and Respondents expressly deny any wrongdoing, and this Release shall in no way constitute an admission, nor shall it be construed as an admission, of any wrongdoing or of any liability whatsoever on the part of any party to this Agreement.

3. Petitioner shall pay Respondents a fine in the sum of $3,000.00 for Petitioner's alleged violations of the laws and rules governing process servers. Payment shall be made by check to the order of the City of New York, and delivered to the New York City Department of Consumer Affairs, 42 Broadway 9th Floor, New York, NY 10004, Attention: Jordan P. Cohen, Esq. on or before thirty (30) days from the date this Agreement is fully executed. A copy of the check shall simultaneously be provided to Respondents' attorney.

4. Within five (5) days of petitioner's payment of the fines set forth in paragraph 3 herein, DCA shall reinstate license number 2058467 and grant Petitioner's renewal license application for license number 2058467 for the current license term, under the following terms and conditions:

   (a) Petitioner shall be on probation until May 1, 2019 (the "Probationary Period").

(b) During the Probationary Period, Petitioner shall provide all documents required to be maintained under the laws and rules applicable to process servers within ten (10) business days of a request by DCA.

(c) In addition to the notices required under Rules § 2-236, Petitioner shall also obtain a copy of the court's order or decision providing the final result, where one exists on any traverse hearings that actually occur— including any stipulation or court file jacket setting forth the final result of the matter—and shall append a copy thereof to the required notice under Rules § 2-236(c). Petitioner acknowledges that "Decision reserved" is not a final result.

*AND IS AVAILABLE TO Petitioner*

(d) During the Probationary Period, if Respondents determine Petitioner violated specific provisions of Respondents' laws and rules governing process servers, including but not limited to those sections previously in dispute, Respondents shall have the right to immediately suspend Petitioner's license. The suspension will take effect at the same time Respondents send Petitioner a summons alleging violations of DCA's laws and rules. The summons will be returnable to the Office of Administrative Trials and Hearings ("OATH"). The suspension shall remain in effect until OATH issues a decision in the matter. If Petitioner is found guilty of the charges in the summons that formed the basis of the suspension, he will be liable for the maximum penalties set forth in New York City Administrative Code § 20-409.1 for each violation.

5. Petitioner's license shall appear as "active" on Respondents' website so long as Respondents continue to maintain an online license lookup and so long as Petitioner's license is not suspended, revoked, or denied.

6. All notices, required or permitted to be given to Petitioner with respect to this Agreement shall be valid only if in writing and mailed to Petitioner at the address DCA has on record for petitioner ~~which is, as of the date of this Stipulation.~~ *with a copy to MICHAEL A. MARKOWITZ, ESQ. 1553 Broadway, Hewlett ny 11557*

Page 4 of 8

7.  All notices, required or permitted to be given by Petitioner to DCA, with

    respect to this Agreement shall be valid only if in writing and mailed to:

    (a)  Respondents: New York City Department of Consumer Affairs, Att:
         Jordan P. Cohen, Esq., 42 Broadway 9th Floor, New York, NY 10004;
         with a copy to New York City Law Department, Attn: Kerri Ann
         Devine, Esq., 100 Church Street, New York, NY 10007.

8.  Respondent [Petitioner] shall withdraw, with prejudice, <u>Feldman v. City of New York,</u>

    Index number 153791/17 (Sup. Ct. N.Y. Co. Tisch, J.) and <u>Feldman v. City of</u>

    <u>New York,</u> Index No. 155895/17 (Sup. Ct. N.Y. Co. Tisch, J.), and the petition in this

    proceeding.

9.  This Agreement and all documents and instruments executed in connection

    with this Agreement or in furtherance of this Agreement may not be amended,

    modified, or supplemented, except by an instrument in writing signed by all

    parties to this Agreement.

10. Upon execution of this agreement, Petitioner's attorney shall promptly notify

    the Court and file this Agreement without further notice. Petitioner and

    Respondents consent to this Agreement being "So Ordered" by the Court.

    This Agreement may be executed in two or more counterparts, all of which

    when taken together shall be considered one and the same agreement.

    Facsimile or scanned copies of signatures shall be deemed originals.

11. Except to the extent set forth herein, this Stipulation shall in no way limit or

    diminish any rights or remedies which the City of New York may possess

Page 5 of 8

with respect to occurrences or conditions which may arise after execution of this Stipulation.

12.  Nothing contained herein shall be deemed to be an admission by any of the parties herein of any wrongdoing.  The parties, for themselves and their officers, employees, agents or representatives further disclaim that they have in any manner or way acted inconsistently with the requirements of state of federal law or that any action undertaken by any of them is preempted by state of federal law.

13.  Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

14.  This Stipulation and the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the substantive laws of the State of New York.  The parties represent that they have each consulted with and have been advised by counsel of their own choosing in connection with this lawsuit and this Stipulation.  The parties further acknowledge that each party and its counsel have reviewed, negotiated and revised this Stipulation, and that the language in all parts of this Stipulation shall be construed, in all cases, according to its fair meaning, and that any rule of construction to the effect that any ambiguities are to be resolved against the drafting party is inappropriate and shall not be employed in the interpretation

Page 6 of 8

Case 2:00-00000-DT Document 1-2 Filed 00/00/81 Page 40 of 41 Page ID #: 43

of this Stipulation.

15. The Stipulation, including any exhibits referred to herein, sets forth the entire

    agreement and understanding among the parties with respect to the subject

    matter hereof, shall inure to the benefit of the parties and their respective

    successors and assigns, and merges and supersedes all such prior discussions,

    agreements and understandings among the parties.

LUCY BILLINGS

16.  The Stipulation may be executed in counterparts.  Facsimile copies of

signatures shall be deemed originals.

IN WITNESS WHEREOF,

Dated:

New York City Law Department

By Kerri Ann Devine, Esq., Senior
Counsel

Dated:

Dated:  4-26-18
Michael A. Markowitz, P.C.

Alan S. Feldman

By: Michael A. Markowitz, Esq.,
Attorney for Petitioner.

So Ordered,

Hon. Lucy Billings, J.S.C.

LUCY BILLINGS
J.S.C.

Page **8** of **8**